IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:09CR3094 |
| | ) | |
| v. | ) | |
| | ) | |
| KEVIN L. WALKER, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

     Kevin L. Walker (Walker) has filed a Motion to Vacate under 28 U.S.C. § 2255 (filing no. 68).   That motion was filed on May 28, 2013. (Filing no. 68.) The judgment that Walker attacks was formally entered on July 2, 2010. (Filing no. 62.) Since the files, records and submissions of Walker plainly show that the motion is untimely and no adequate excuse exists, the motion will be denied with prejudice. A brief explanation follows.

*Background*

     In this case and a related one, Walker was represented by Kirk Nayor, a very experienced criminal defense lawyer.   After a plea of guilty to drug charges, I sentenced Walker to 70 months in prison in 4:09CR3094 to run consecutive to the prison sentence of 24 months in prison imposed for a supervised release violation in 4:05CR3088.[1] Sentences were pronounced in both cases on July 1, 2010, and the judgments in both cases were entered on July 2, 2012.  In both cases, Walker was told he had 14 days to file a notice of appeal.  No appeal was taken in either case.

---

[1] Walker wrongly asserts in his motion (filing no. 68 at CM/ECF p. 1 and ¶ 3) that I sentenced him to 94 months in prison in 4:09CR3094.  He is obviously confused, and evidently forgot that he was also sentenced to 24 months in prison in 4:05CR3088.

Walker claims that he told Naylor to appeal.  With one exception, he provides no specifics.  The only concrete information provided by Walker is a copy of an e-mail apparently from Naylor's secretary to Theodora Walker, who is apparently Kevin Walker's mother. On July 8, 2010, the secretary wrote in pertinent part that: "My understanding is that Kevin wants to appeal the sentence concerning the revocation [of supervised release]. I sent him the paperwork that he needs to sign and told him that if he appeals, this will delay in the release of property. I have not received the paperwork back from him as of this date."  (Filing no. 68 at CM/ECF p. 27.)

There is no evidence that Walker returned the appeal paperwork to Naylor or anyone else.  Still further, and as shown by Walker's own motion, Naylor wrote an e-mail on February 18, 2011, to Theodora Walker indicating that he would look into the forfeiture of Walker's Jaguar car and the location of some diamond ear studs that the police had taken from Walker, "but I intend to have no further involvement in this matter." (Filing no. 68 at CM/ECF p. 27.)

*Limitations Period*

Walker's motion is not timely because it was not filed within the one-year limitations period provided by 28 U.S.C. § 2225(f).[2]  Walker has provided no basis

---

[2]In full, that sections provides:

(f) A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of--

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

-2-

to excuse that requirement under the provisions of 28 U.S.C. § 2225(f)(1)-(4) or under the doctrine of equitable tolling.

Walker had 14 days to file a notice of appeal. Since no appeal was filed, the 1-year limitations period began to run 14 days after the entry of judgment July 2, 2010. *See*, *e.g.*, *Anjulio-Lopez v. United States*, 541 F.3d 814, 816 (8th Cir. 2008) (where defendant failed to file direct appeal, his conviction became final 10 days after the entry of judgment) [the 10-day time frame was later extended to 14 days] (citation omitted). Thus, no later than July 17, 2010, the clock started. The § 2255 motion was not filed until May 28, 2013. Obviously, the one-year time period had long since expired when Walker filed his motion.

The fact that Walker thought Naylor was pursuing an appeal in this case is not an adequate excuse. Initially, Walker's belief is unreasonable given that (1) Naylor's secretary thought Walker was only intending to appeal the 24-month supervised release sentence rather than also appealing the 70-month sentence in this case and (2) Walker had been provided with the appeal paperwork in the supervised release case on or before July 8, 2010, but there is no showing that it was ever returned to Naylor.

But, even if one were to give Walker the benefit of the doubt, other facts provided by Walker show that not later than February 18, 2011, Walker's mother was clearly informed by Naylor that the lawyer would "have no further involvement in this matter." Notwithstanding that clear notice, Walker's § 2255 motion was not filed until about 27 months later.

---

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

This case is similar to *Anjulio-Lopez*.  Under 28 U.S.C. § 2255(f), the Court of Appeals held that the one-year limitations period under AEDPA was not tolled on the grounds that the defendant had not discovered trial counsel's alleged ineffective assistance by failing to file an appeal.  Since the defendant did not exhibit "due diligence" in pursuing an appeal by using reasonable efforts to discover that no appeal had been filed (such as by examining the public record), dismissal of the tardy § 2255 motion was appropriate. The same goes here.

IT IS ORDERED the Motion to Vacate under 28 U.S.C. § 2255 (filing no. 68) is denied with prejudice. A separate judgment will be issued.

DATED this 19th day of June, 2013.

BY THE COURT:

*s/Richard G. Kopf*
Senior United States District Judge